**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 15, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

DAVID ALLEN RICHESON,

    Plaintiff - Appellant,

v.

PHILIP J. WEISER, in his official capacity
as the Attorney General for Colorado,

    Defendant - Appellee.

No. 22-1383
(D.C. No. 1:22-CV-01370-NYW-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

David Allen Richeson, *pro se*, sued Attorney General Philip J. Weiser under

42 U.S.C. § 1983, alleging Fourteenth Amendment Due Process violations.  His

complaint apparently arises out of proceedings in state courts in 2010 that led to his

adjudication as a "protected person" under Colorado law.  He claims that status

adjustment led to a series of personal and property losses, totaling $4.5 million in

damages.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court, relying on the Constitution's Eleventh Amendment, dismissed Richeson's claim without prejudice for lack of subject-matter jurisdiction. We agree that the Eleventh Amendment bars Richeson's suit and affirm. Under that provision, a state official cannot be sued in his official capacity unless Colorado waives its sovereign immunity, and it has not done so here.

## I.  Background and Analysis

Richeson sued under § 1983. He alleges he was denied Fourteenth Amendment Due Process when he was declared in 2010 a "Colorado State Adult Protected Person." Aplt. Br. at 3 (internal quotation marks omitted). Richeson purports that this designation, which apparently means he was deemed mentally incapacitated, caused him to lose "all his hard earned personal and professional possessions." *Id.* He demanded $4.5 million in damages.

Because an Eleventh Amendment defense concerns subject-matter jurisdiction, we must first address Richeson's assertion that the district court erred in finding General Weiser immune from liability. *See Ambus v. Granite Bd. of Educ.*, 975 F.2d 1555, 1559 (10th Cir. 1992); *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). We review a district court's dismissal for lack of subject-matter jurisdiction de novo. *Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1259 (10th Cir. 2002).

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." In general, a state may not be sued in

2

federal court for damages unless it waives sovereign immunity. *Ambus*, 975 F.2d at 1560. A state officer sued in his official capacity also enjoys this protection. *Colby v. Herrick*, 849 F.3d 1273, 1276 (10th Cir. 2017). An effectively raised Eleventh Amendment defense deprives a court of subject-matter jurisdiction. *Harris v. Owens*, 264 F.3d 1282, 1288 (10th Cir. 2001).

For § 1983 purposes, a state official is the state itself when sued in his official capacity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). And in enacting § 1983, "Congress did not abrogate the states' Eleventh Amendment immunity." *Ambus*, 975 F.2d at 1560.

Because Richeson sued General Weiser in his official capacity, Richeson effectively sued the state of Colorado, which triggers the state's sovereign-immunity defense. There is no indication in the record—nor does Richeson claim—that Colorado waived its immunity in this case. Accordingly, Richeson's suit is barred for lack of subject-matter jurisdiction. *See id.* at 1559 (acknowledging that "an Eleventh Amendment defense is jurisdictional").

Because we agree with the district court that it lacked subject-matter jurisdiction in this case, we cannot proceed to the merits of Richeson's claim and we need not consider any other issues. *See Harris*, 264 F.3d at 1288 (internal quotation marks omitted) (explaining that once an Eleventh Amendment defense is effectively raised it becomes a limitation on a federal court's subject-matter jurisdiction such that the court cannot assume "hypothetical jurisdiction" to consider the merits of a plaintiff's claim).

## II.  Conclusion

We affirm the district court.  We also deny Richeson's Motion to Supplement the Record on Appeal as Described.  *See* 10th Cir. R. 10.4(E) (prohibiting briefs, memoranda, and procedural motions from being included in the record on appeal "unless they are relevant to the issues on appeal").

Entered for the Court

Timothy M. Tymkovich
Circuit Judge